### DAVIS v. SHAPIRO et al.

#### (Supreme Court, Appellate Term. November 24, 1908.)

LANDLORD AND TENANT (§ 179*)—LANDLORD'S ENTRY—LAWFULNESS.

A landlord cannot be removed from the premises by summary proceedings on the ground of forcible entry and detainer where it is undisputed that he was interested in the business conducted upon the premises, and no forcible detention appears.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 179.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Summary proceedings by Simon Davis, tenant, against Isaac Shapiro and another, landlords. From an order in favor of the tenant, the landlords appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Engel Bros., for appellants.
Max D. Steuer, for respondent.

MacLEAN, J. The petition of the tenant herein alleges that on or about November 27, 1907, while in peaceable occupation of premises No. 416 East Ninty-First street, wherein he and his copartners, Louis Glassman and Herman D. Shapiro, were conducting a poultry business, he was unlawfully and forcibly ejected and expelled therefrom by the landlord herein by threats of force and violence and with a multitude of people, and that ever since said landlord has held and continues to hold possession of said premises by force. The answer of the landlord denied, and interposed defenses that seemed to have been abandoned or stricken out on consent. Even then the issue was clouded and the evidence cumbered with much irrelevant and immaterial testimony, which the trial justice sought to clarify by the submission of the simple question to the jury, whose verdict in favor of the petitioner, however, was unwarranted from the evidence. The final order entered thereon may not stand, because, from the testimony of the tenant, as well as from the testimony of the landlord, it appears uncontradicted that the latter was interested in the business conducted upon the premises to whomsoever said premises had been leased, and therefore his original entry thereon may not be said to be unlawful, and there is no evidence of forcible detention of the premises. It may be said, as was said by the General Term of this

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

department in Schmidberger v. Bloner, 66 Hun, 527, 530, 21 N. Y. Supp. 481, 482:

"It will thus be seen that the elements of trespass and holding possession by force, which are essential attributes of an action for forcible entry and detainer, are wanting. As already stated, neither of these were shown upon the trial. The original entry was lawful; and, in the absence of testimony showing that the defendants by force prevented the plaintiff from regaining possession of the land, a recovery for forcible entry and detainer could not be sustained."

Whether or not the tenant-respondent might prevail in an action for other relief, before he may proceed by summary proceeding to remove the landlord herein from the premises, which he claims have been forcibly entered and detained in this proceeding, he must prove forcible entry and detainer, and that he had not established.

Final order reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.